IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KALBIAN HAGERTY L.L.P., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number CIV-05-1172-C |
| ) | |
| DALILAH A. KANUNI, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION**

Plaintiff filed the present action seeking judgment from Defendant for unpaid legal fees. After Defendant failed to respond to the summons served by Plaintiff, Plaintiff sought and received an Entry of Default from the Court Clerk. Plaintiff now seeks a default judgment from the Court. After resolving questions regarding the sufficiency of service on Defendant, an evidentiary hearing was held where Plaintiff was directed to provide documentary and testimonial evidence supporting the amount sought. The Court further refined the parameters at the hearing directing Plaintiff to provide legal authority to support the amount sought. At the conclusion of the hearing, the Court directed Plaintiff to file a supplemental brief establishing the legal authority for recovering fees under a contingency contract prior to satisfaction of the contingency and a calculation of the extent to which the contingency has been met and the resulting fees. Plaintiff has filed its supplemental brief and the matter is now at issue.

Plaintiff argues that after application of Oklahoma's choice of law provisions, the law of the District of Columbia governs the issue. According to Plaintiff, because the

performance of the contract occurred throughout the United States, the law of the place where the contract was made controls. The Court disagrees. It is clear that Plaintiff was hired to establish Defendant's right to obtain property that was rightfully hers and that, if necessary, litigation towards those ends would occur. The attachments to earlier briefs in this case, including the letters and affidavits, indicate that the majority of the litigation was to occur in Oklahoma. Further, the testimony of Mr. Kalbian and Mr. Green established that all the litigation occurred in Oklahoma. Although assets were located in other jurisdictions, they were processed through the probate or bankruptcy proceedings in Oklahoma. Thus, the Court finds that Oklahoma law controls. See Sheehan Pipe Line Constr. Co. v. State Indus. Comm'n, 1931 OK 376, ¶ 5, 3 P.2d 199, 201 ("It is generally held that where a contract is made in one state and is to be performed in another state, the law of the place of performance governs the contract.").

As it relates to attorney's fees, Plaintiff's agreement with Defendant was as follows: "We will convert to a contingent fee basis of 40%. In other words, my firm would receive 40% of any gross recovery from any of the cases I have cited above. If we recover nothing, we get nothing." (Dkt. No. 12, Ex. B-1, p. 4.) It is undisputed that this agreement was honored for the only amount actually recovered by Plaintiff for Defendant. To the extent Plaintiff now seeks to recover a contingency fee, it bases the amounts sought on "the gross value of the issues identified, raised and presented to Ms. Kanuni . . . ." (Dkt. No. 18, Supp. Aff. of Jason Green, p. 4.) However, there is no evidence that Ms. Kanuni has ever received any portion of these assets. Thus, the contingency in the contract has never been met and

Plaintiff is not now entitled to collect under that contingency.  Plaintiff argues that both Oklahoma and D.C. law permit it to recover under a contingency contract where an attorney is discharged and the client later settles around the lawyer.  The flaw in Plaintiff's logic is that both jurisdictions require the client to receive a settlement.  See Musser v. Musser, 1995 OK 116, ¶ 14, 909 P.2d 37, 40 ("This Court determined *the right of the attorney to recover on the contingency fee did not accrue until recovery in the action for the client was accomplished*.") (emphasis in original) (citing First Nat'l Bank & Trust Co. of Tulsa v. Bassett, 1938 OK 461, 83 P.2d 837).[*]  In the absence of evidence of recovery by Defendant, Plaintiff is not entitled to recover under the contingency contract.

     Nevertheless, it undisputed that Plaintiff has provided substantial legal assistance to Defendant.  Further, it is clear Plaintiff has provided benefit to Defendant and that the extent of that benefit has been blocked by the actions of Defendant.  Therefore, the Court finds Plaintiff is entitled to recover based on quantum meruit.  Musser, 1995 OK 116, ¶ 14, 909 P.2d at 40 ("Thus, when an attorney is discharged before the case results in a money judgment or settlement, the attorney does not recover under the contingency fee agreement, but rather, the attorney receives the reasonable value of his services.").  At the hearing, Plaintiff admitted into evidence a copy of the bill reflecting the hours worked on behalf of Defendant.  As part of its supplemental brief, Plaintiff has refined the amounts sought,

---

[*] To the extent D.C. law applies see Kaushiva v. Hutter, 454 A.2d 1373, 1375 (D.C. 1983) ("This result is consistent with cases in other jurisdictions holding that where an attorney is discharged without cause *and the client subsequently recovers*, the attorney is entitled to the full amount of his fee.") (citations omitted, emphasis added).

requesting compensation only for the hours spent pursuing claims on behalf of Defendant. In addition, Plaintiff has provided an affidavit from Mr. Kalbian attesting to the basis for the calculation, the necessity of the hours expended, and the reasonableness of the hourly rate. Based on this evidence, the Court finds Plaintiff is entitled to recover $570,068.20 as compensation for the legal services provided to Defendant in this matter.

As set forth herein, the Court finds Plaintiff is entitled to Judgment in the amount of $570,068.20. Accordingly, Plaintiff's Amended Motion for Entry of Default Judgment (Dkt. No. 11) is GRANTED. A separate Judgment will issue.

IT IS SO ORDERED this 28th day of September, 2006.

*[signature]*

ROBIN J. CAUTHRON
United States District Judge